FILED
February 19, 2016
TN COURT OF
WORKERS' COMPENSATION
CLAIMS
TIME 10:30 AM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT COOKEVILLE BY INTERCHANGE

| | |
|---|---|
| Douglas Erickson,<br>      Employee,<br>v.<br><br>Wilson and Associates, P.C.,<br>      Employer,<br>And<br><br>Berkley Southeast,<br>      Insurance Carrier/TPA. | Docket No.: 2015-06-0814<br><br>State File No.: 83399-2015<br><br><br><br>Judge Robert Durham |

## EXPEDITED HEARING ORDER DENYING BENEFITS
## (REVIEW OF THE FILE)

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing (REH) filed by the employee, Douglas Erickson, on January 25, 2016, pursuant to Tennessee Code Annotated section 50-6-239 (2015) to determine if the employer, Wilson and Associates, P.C. (Wilson), is obligated to provide medical benefits. Pursuant to Rule 0800-02-21-.02(13) (2015) of the Tennessee Compilation Rules and Regulations, Mr. Erickson requested the Court issue a ruling based on a review of the file without an evidentiary hearing. Wilson voiced no objection. Considering the positions of the parties, the applicable law, and all of the evidence submitted, the Court concludes it needs no further information to render judgment.

The dispositive issue is whether Mr. Erickson is entitled to reimbursement for medical expenses as well as continuing medical care for his alleged work-related tick bite on July 10, 2015. The Court finds the evidence submitted by Mr. Erickson is insufficient to establish he is likely to prevail at a hearing on the merits regarding the compensability of his alleged injury, thus requiring the Court to deny his request for medical benefits.[1,2]

---

[1] Additional information regarding the technical record and exhibits is attached to this Order as an Appendix.

[2] Although Mr. Erickson alleged in the PBD that he missed five weeks of work, the only benefits he indicated he sought were "Medical benefits for current injury." (T.R. 1.)

1

## History of Claim

Mr. Erickson is a fifty-four-year-old resident of Williamson County, Tennessee who works as a surveyor for Wilson. (T.R. 1.) On his Petition for Benefit Determination (PBD), Mr. Erickson alleged he suffered a "tick bourne [sic] illness" on July 10, 2015, after receiving "multiple tick bites while working in woods and fields on various job sites." (T.R. 1.) When asked where the alleged injury occurred, Mr. Erickson listed Williamson, Sumner, and Davidson Counties. (T.R. 1.)

In the affidavit attached to the REH, Mr. Erickson did not describe a specific incident regarding a tick bite, but asserted he "believe[d] the bite occurred in Portland, TN, and I was working with Chris Bonner." (Ex. 1.) Mr. Erickson further asserted that once he received some information requested from Wilson's counsel, he could "pinpoint" when and where he contracted the "tick bourne [sic] illness" for which he allegedly received treatment.[3] (Ex. 1.)

On July 14, 2015, Mr. Erickson presented to Dr. Jeffrey Jobe at the emergency room of Centennial Medical Center (Centennial). (Ex. 2 at 1.) Dr. Jobe noted Mr. Erickson complained of the onset of fever and generalized weakness four days earlier, "after working in the heat." *Id.* Mr. Erickson stated he developed a headache the next day and presented to the "minute clinic."[4] Mr. Erickson's symptoms did not improve, so he went to Vanderbilt Walk-In Clinic (Vanderbilt) on the morning of the 14th.[5] *Id.* According to Mr. Erickson, his WBC and platelet counts were low, so the doctor at Vanderbilt sent him to the emergency room for further evaluation. *Id.*

During Dr. Jobe's examination, Mr. Erickson complained of a headache, myalgia, and neck pain. *Id.* The examination revealed no objective abnormalities, and chest x-rays and a CT brain scan were normal. (Ex. 2 at 11.) Dr. Jobe's primary impression was that Mr. Erickson suffered from a "viral syndrome" also known as a "cold." (Ex. 2 at 7.) Dr. Jobe excused Mr. Erickson from work until July 17. (Ex. 2 at 21.)

On July 22, Dr. Bethany Wagner with Vanderbilt saw Mr. Erickson. (Ex. 3 at 1.) Dr. Wagner noted Mr. Erickson claimed his condition started ten days earlier when working outside caused him to become dehydrated. *Id.* According to the note, Mr. Erickson had treated at Vanderbilt on July 17, at which time he stated he felt "much

---

[3] Based on Wilson's position statement, Mr. Erickson is apparently referring to a request he made of Wilson's counsel, asking for a list of all worksites from June 1, 2015, as well as the names of all surveyors with whom he worked with in the previous two years. (T.R. 2.) According to the position statement, Wilson provided the list of jobsites, although it is not part of the record, but objected to providing the names of each surveyor Mr. Erickson worked with over the last two years on the grounds the scope was too large. *Id.* Mr. Erickson did not include a request for discovery in his REH.

[4] It appears this is a reference to the "Little Clinic," for which Mr. Erickson attached a medical bill.

[5] The parties did not provide medical records regarding his visit to Little Clinic or to Vanderbilt on the 14th.

2

improved" and his platelet count had risen.[6] *Id.* However, he now complained of a swollen lymph node, one episode of diarrhea, a mild headache, and a fever three days earlier. *Id.* Mr. Erickson also informed Dr. Wagner he suffered a tick bite three to four weeks earlier. *Id.*

On examination, Dr. Wagner did not note any objective abnormalities. She concluded Mr. Erickson "likely" suffered from a viral infection that needed "time to resolve." *Id.* However, given the tick bite mentioned by Mr. Erickson, she did note the possibility of a tick-borne illness, although his symptoms did "not seem related to the tick." *Id.* Due to this possibility, Dr. Wagner prescribed an antibiotic, Doxycycline. *Id.*

On July 25, Mr. Erickson returned to Centennial emergency room and treated with Dr. Tanya Rivera-Tyler. (Ex. 2 at 22.) Mr. Erickson complained of intermittent fever, daily diarrhea, and general weakness. *Id.* Dr. Rivera-Tyler noted Mr. Erickson stated a tick bit him five weeks earlier. *Id.* On examination, Mr. Erickson exhibited a slight fever, but Dr. Rivera-Tyler observed no other abnormalities. (Ex. 2 at 23.) She noted a differential diagnosis that included, "influenza, pharyngitis, viral, pneumonia, pyelonephritis, viral syndrome, tick bourne [sic] illness." (Ex. 2 at 27.) She prescribed another round of Doxycycline, and sent blood samples to the laboratory for further analysis. *Id.*

On August 3, Mr. Erickson again sought treatment at Vanderbilt with Gina Vaughn, APRN-BC. (Ex. 3 at 3.) Mr. Erickson stated his symptoms had improved, although he still tired easily. *Id.* On exam, Ms. Vaughn noted no abnormalities. She reviewed Mr. Erickson's lab reports from Centennial and noted, "positive E. Chaffeensis, positive Lymes IGM bands RMSF IGG positive." *Id.* She recommended Mr. Erickson finish the Doxycyclene and increased the dosage to "a full fourteen days." *Id.*

In addition to the medical records, Mr. Erickson also submitted various medical bills from Centennial, Vanderbilt, The Little Clinic, Peakview Emergency Physicians, PLLC, Radiology Alliance, P.C., and Walgreens Pharmacy. (Ex. 4.)

Mr. Erickson filed a Petition for Benefit Determination (PBD) on October 19, 2015, after Wilson denied his claim. (T.R. 1.) The parties were unable to reach a mediated agreement, and the Mediator filed a DCN on November 15, 2015. (T.R. 2.) Mr. Erickson filed an REH seeking a decision on record review on January 25, 2016. (T.R. 3.) On February 8, 2016, the Court sent a Docketing Notice to the parties regarding the contents of the record before it. (T.R. 5.) Neither party raised any objection to the documents contained in the record or offered any additional evidence.

---

[6] The parties did not provide a medical record regarding this visit.

## Findings of Fact and Conclusions of Law

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2015). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n*, 725 S.W.2d 935, 937 (Tenn. 1987);[7] *Scott v. Integrity Staffing Solutions*, No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015).

An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). However, an employee must come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.* The Court finds Mr. Erickson failed to do so with regard to causation or Wilson's obligation to provide benefits, including payment of previous medical expenses.

Mr. Erickson alleges he suffered a tick bite while employed as a surveyor with Wilson, and this tick bite caused an infection that led to his treatment with Centennial and Vanderbilt in July 2015. In order to prevail, Mr. Erickson must establish he suffered an accidental injury that was "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(14)(A) (2015).

At this stage, Mr. Erickson has not offered sufficient evidence to meet this standard. While the PBD does allege a specific date of injury, July 10, it appears from his medical records that this is the date when he first felt ill, not the date a tick may have bitten him. (T.R. 1; Ex. 2 at 1.) In the PBD, Mr. Erickson goes on to describe the injury as occurring in "Williamson, Sumner, and Davidson" counties, alleging he received "multiple tick bites while working in woods and fields on various job sites." (T.R. 1.)

In the affidavit, Mr. Erickson did not refer to any specific incident involving a tick bite. (Ex. 1.) Instead, he asserted he "was diagnosed with a tick bourne [sic] illness" on July 25, and it takes "3 to 30 days" for the symptoms to appear. *Id.* He further averred,

---

[7] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

4

"tick bites are very common in the surveying industry as you work in woods and fields." *Id.* He stated he "believed the bite occurred in Portland" but he needed "information" requested from Wilson to "pinpoint" when and where the tick bite occurred. *Id.* However, he never specifies what "information" he needs, or how it will help ascertain the "specific incident or set of incidents" that caused the symptoms leading to the treatment for which he seeks reimbursement.

The medical records provided by Mr. Erickson also fail to support his contention of a work-related tick bite. According to the July 14 record from Centennial, the earliest record provided, Mr. Erickson began experiencing fever and generalized weakness on July 10 that he believed was due to dehydration. (Ex. 2 at 1.) The record makes no mention of a tick bite. The first reference to a tick bite in the records is in the July 22 note from Vanderbilt, which notes Mr. Erickson suffered a tick bite "3-4 weeks ago." (Ex. 3 at 1.) However, the record makes no mention of the tick bite occurring at work. Furthermore, Dr. Wagner opined "it does not seem" Mr. Erickson's symptoms derived from a tick-borne illness. *Id.* Similarly, while subsequent records from Centennial and Vanderbilt refer to a tick bite that occurred several weeks earlier, none of them indicates the tick bite occurred at work. (Ex. 3 at 1; Ex. 2 at 22.)

Thus, as to when and where the "bite" actually occurred, Mr. Erickson offered only speculation and conjecture, which cannot serve as justification for the provision of benefits. *See Shelton v. Torrington Co.,* No. 01501-9704-CV-00092, 1998 Tenn. LEXIS 107995, at *10 (Tenn. Workers' Comp. Panel Mar. 13, 1998) (citing *Reeser v. Yellow Freight,* 938 S.W.2d 690, 692 (Tenn. 1997)). This premise is particularly true given that the Workers' Compensation Law no longer allows a remedial construction by the court. Tenn. Code Ann. § 50-6-116 (2015). As a result, Mr. Erickson failed to provide sufficient evidence to establish he is likely to prevail at a hearing on the merits in establishing he suffered an "accidental injury" as defined by Tennessee Code Annotated section 50-6-102(14)(A) (2015).

Furthermore, even assuming Mr. Erickson provided sufficient evidence to establish he suffered a work-related tick bite, he must still establish that the need for medical treatment for which he seeks reimbursement causally relates to the tick bite. Tenn. Code Ann. § 50-6-102(14) (2015). Medical evidence is generally required in order to establish a causal relationship, "[e]xcept in the most obvious, simple and routine cases." *Cloyd v. Hartco Flooring Co.,* 274 S.W.3d 638, 643 (Tenn. 2008).

The only statement from a doctor regarding causation is Dr. Wagner's July 22 note wherein she opined "it does not seem" as though Mr. Erickson's complaints stemmed from a tick bite. (Ex. 3 at 1.) While Dr. Taylor-Rivera included "tick bourne [sic] illness" in her differential diagnosis, she also included a host of other possible conditions. (Ex. 2 at 27.) The Centennial lab reports were positive for bacterial infection (Ex. 2 at 32), but no doctor attributed those infections to a tick bite, or causally related Mr.

5

Erickson's symptoms to those infections. In this instance, the medical records provided by Mr. Erickson do not establish he is likely to prevail on the issue of causation at a hearing on the merits. *McCord, supra,* at *7-8.

With regard to medical expenses, it is undisputed that Wilson did not authorize the medical care for which Mr. Erickson seeks reimbursement. Where the employee incurs medical expenses on his own, the employer is not liable for payment of the expenses absent a showing by the employee that he had a reasonable excuse for not consulting with his employer before incurring the expenses. *Harris v. Kroger,* 567 S.W.2d 161, 163 (Tenn. 1978). In this instance, Mr. Erickson failed to provide sufficient evidence to prove he consulted with Wilson prior to seeking unauthorized medical care, or if he did consult with Wilson, that he had a "reasonable excuse" for engaging unauthorized treatment. *Id.*

Finally, even if Mr. Erickson established causation and was justified in seeking unauthorized medical care, he still has the burden to prove the reasonableness and necessity of those expenses. *Moore v. Town of Collierville,* 124 S.W.3d 93, 98 (Tenn. 2004). The record is devoid of any evidence regarding the reasonableness and necessity of the charges contained in the medical bills provided by Mr. Erickson for treatment of his alleged work-related injury. (Ex. 4.) Therefore, the Court denies his claim for those expenses at this time. *Id.*

For the reasons stated above, the Court finds Mr. Erickson failed to provide sufficient evidence from which the trial court can determine he is likely to prevail at a hearing on the merits regarding causation and the reasonableness and necessity of past medical expenses. As a result, his request for medical benefits is denied.

IT IS, THEREFORE, ORDERED that:

1.    Mr. Erickson's request for medical benefits is denied.

2.    This matter is set for Initial Hearing on March 23, 2016, at 9:00 a.m.

**ENTERED THIS THE 19ᵗʰ DAY OF FEBRUARY, 2016.**

**Robert V. Durham, Judge**
**Court of Workers' Compensation Claims**

6

## Initial Hearing:

An Initial Hearing has been set with Judge Robert Durham, Court of Workers' Compensation Claims. You must call 615-253-0010 or toll-free at 866-689-9049 to participate in the Initial Hearing.

**Please Note:** <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).

## Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited

7

Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## APPENDIX

Exhibits:

1. Affidavit of Douglas Erickson
2. Medical records from Centennial Medical Center
3. Medical records from Vanderbilt Walk-In Clinic
4. Various medical bills

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Transfer Order
5. Docketing Notice
6. Wilson's position statement

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Benefits was sent to the following recipients by the following methods of service on this the 19th day of February, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Doug Erickson | X | | X | 2557 Milton Lane, Thompson Station, TN 37179 dougerickson61@yahoo.com |
| Brett Burrow | | | X | bburrow@burrowlee.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

9